Slocum v. Grandin.

JOHN GRANDIN SLOCUM, appellant,

*v.*

JOHN F. GRANDIN et al., executors &c., respondents.

1. After a surrogate's jurisdiction over the probate of a will has been taken away by the filing of a *caveat* thereto, and the orphans court has made an order fixing a time for hearing upon the *caveat,* the surrogate's jurisdiction is not restored merely by the withdrawing of the *caveat.*

2. A *caveat* against admitting a will to probate was filed January 25th. On the 30th, the orphans court made an order fixing the 15th of February then next, for the hearing upon the *caveat.* On the 2d of February, the caveator, by an endorsement on the *caveat,* withdrew it, and requested that the will be

Slocum *v.* Grandin.

admitted to probate, and the surrogate thereupon, on the same day, without any order of the orphans court, admitted the will to probate.—*Held,* that the surrogate had no jurisdiction to admit the will to probate.

3. A party opposed to the will appealed from the decree of the surrogate to the orphans court, and the orphans court affirmed the decree. He thereupon, by demand of appeal, signed with his name as appearing by next friend, by his proctors, appealed to this court.—*Held,* that an objection that the consent of the orphans court to his filing his petition of appeal there by next friend was not obtained, could not be entertained here, the objection not having been made in that court; and that the appeal to this court would not be dismissed because the demand of appeal to this court was signed with his name as appearing by next friend, by his proctors.

*Mr. J. N. Voorhees,* for appellant.

*Mr. H. A. Fluck* and *Mr. J. G. Shipman,* for respondents.

THE ORDINARY.

John Grandin, late of Hunterdon county, died January 13th, 1884. A *caveat* against admitting any paper purporting to be his will to probate, was filed in the surrogate's office of that county, on the 25th of that month, by Daniel Grandin, one of his sons. A paper purporting to be his will appears to have been subsequently propounded for probate by the persons named as executors therein, and on the 30th of January the

---

NOTE.—A *caveat* entered by a party affected by the will enures to the benefit of the caveator and every other party in interest, *Ottinger* v. *Ottinger, 17 Serg. & R. 143, Gibson, C. J.*

A proponent of a will may, after a *caveat* thereto has been filed, withdraw his application for its probate, *Crow* v. *Blakey, 31 Ala. 728; Heermans* v. *Hill, 4 T. & C. (N. Y.) 602;* but see *Roberts* v. *Trawick, 13 Ala. 68; Greeley's Will, 15 Abb. Pr. (N. S.) 393; St. John's Lodge* v. *Callender, 4 Ired. 335;* or apply for probate in common form, *Rooney* v. *Feeny, L. R. (3 Irish Eq.) 253.*

The withdrawing of a *caveat* by an executor of a second will against the executor of a previous will, does not prevent his afterwards citing the other executor to show cause why probate of the first will should not be revoked, *Goddard* v. *Smith, L. R. (3 P. & D.) 7;* see *Besancon* v. *Brownson, 39 Mich. 388.*

If the proponent withdraws, the caveator may proceed by citations to the other next of kin, *O'Keefe* v. *Hughes, 3 Irish Jur. (N. S.) 304.*

By consent of parties, issues which have been granted and transmitted may·

Slocum v. Grandin.

orphans court fixed the 18th of February following for hearing the matter, subject to the ascertainment of the residence of the appellant, John Grandin Slocum, a grandson of the testator, and the due service of citation on him or acknowledgment of service by him for that time. On the 2d of February, the caveator, by an endorsement on the *caveat*, withdrew it, and requested that the will be admitted to probate. The surrogate thereupon, on the same day, without any order of the orphans court, admitted the will to probate. On the 11th of February, the appellant appealed to the orphans court from the decree of the surrogate admitting the will to probate. On the hearing of the appeal, the orphans court, by its decree, affirmed the decree of the surrogate, and from the decree of the orphans court the appellant appealed to this court.

The statute (*Rev. Orphans Courts p. 755 § 14*) provides that the surrogates of the several counties of this state shall take depositions to wills, and admit the same to probate and grant letters testamentary thereon; but that in case doubts arise on the face of the will, or a *caveat* is put in against proving a will, or a dispute arises respecting the existence of a will, the surrogate shall not act in the premises, but shall issue citations to all persons concerned, to appear in the orphans court of the same county, which court shall hear and determine the matters in controversy.

be abandoned in the court of law where they are pending for trial, and others framed by the orphans court, *Pegg* v. *Warford, 4 Md. 385; Levy* v. *Levy, 28 Md. 25; Lore* v. *Johnston, 12 Ired. 355.*

Where an action to contest a will is brought by several interested parties, and it is afterwards dismissed as to some of them, the others may proceed, *Kinnaman* v. *Kinnaman, 71 Ind. 417; Patton* v. *Allison, 7 Humph. 320.;* see *Frazer* v. *Wayne, 39 Mich. 198.*

As to the effect of the intervention of new caveators, who were not parties to the proceedings on former *caveats, Worthington* v. *Gittings, 56 Md. 542.*

One entitled to appeal from a decree admitting a will to probate and induced not to do so by a promise of the executor, who afterwards compromised with those who did appeal, may appeal, although the other parties have agreed to dismiss the appeal, *Rogers* v. *Martin, 58 N. H. 442;* see *Lake's Appeal, 32 Conn. 331.*

After an issue had been ordered, the executor was allowed to withdraw from the suit, upon a legatee's intervening as a party, *Sawyer* v. *Dozier, 5 Ired. 97.*

Slocum *v.* Grandin.

That the filing of a *caveat* against admitting any paper to probate as the will of a deceased person deprives the surrogate of his jurisdiction, is too plain for remark. The question presented here is, whether, after he has been so deprived of jurisdiction by the filing of a *caveat* and proceedings have been begun in the orphans court in reference to a paper propounded for probate as such last will, the withdrawal of the *caveat* restores the jurisdiction of the surrogate and ousts the orphans court of its jurisdiction in the matter. The decision of the question does not depend on the question whether the caveator has full control over the *caveat* and may withdraw or subduct it at his pleasure; nor is it governed by the law as to the effect of such withdrawal or subduction in the absence of statutory provision on the subject, on the action of the tribunal in which it is filed or to which it is addressed, and whose action it is designed to restrain; but the decision depends on the construction of our statute above quoted.

Dr. Ayliffe says, defining a *caveat,* that it is, in law, in the nature of an inhibition; that it is an intimation given to some ordinary or ecclesiastical judge, notifying him that he ought to beware how he acts in such or such an affair; and he adds that the *caveat* suspends the proceedings of such ordinary or ecclesiastical judge, until such time as the merits of the *caveat* are deter-

In *Ratcliffe* v. *Barnes, 2 Sw. & Tr. 486,* a next of kin, who, though not cited and not having intervened, was in fact cognizant of a suit between the executor and the other next of kin, ending in the establishment of the will, was not allowed to enter a *caveat* afterwards; see, also, *Munnikhuysen* v. *Magraw, 58 Md. 557;* but see *Wytcherly* v. *Andrews, 25 L. T. (N. S.) 134, L. R. (2 P. & D.) 327; Davidson* v. *Woods, 7 Irish Jur. (N. S.) 307; Walker* v. *Perryman, 23 Ga. 309; Lancaster's Appeal, 47 Conn. 248.*

An appellant, who was next of kin when the will was propounded below, and filed a *caveat* thereto, loses his *status* by the birth of a posthumous child after his appeal was taken, *Reid* v. *Vanderheyden, 5 Cow. 719;* see *McConnel* v. *Smith, 23 Ill. 611; S. C., 39 Ill. 279; Morse* v. *Morse, 42 Ind. 365; Redmond* v. *Collins, 4 Dev. 430; Evans* v. *Anderson, 15 Ohio St. 324; Garwood* v. *Garwood, 29 Cal. 514.*

The court may enforce a compromise between the litigants over the probate of a will, withdrawing opposition thereto, *Harvey* v. *Allen, 1 Sw. & Tr. 151; Lake's Appeal, 32 Conn. 331; Munnikhuysen* v. *Magraw, 58 Md. 557;* see *Ham-*

Slocum v. Grandin.

mined, or (at least) until it is subducted. *Ayl. Par. 145.* In Cockburn's Practice, the effect of a *caveat* is said to be to stop probates &c. from being granted without the knowledge of the party that enters it. *Cockb. Prac. 26.* It is argued in this case that the *caveat* is a personal matter, and that it is within the power of the caveator to withdraw it at any time before the controversy comes before the orphans court for determination, and that thereupon the surrogate resumes jurisdiction. But the statute declares that the surrogate, where a *caveat* has been put in against proving a will, shall not act, but shall issue citations to all persons concerned to appear in the orphans court, and that that court shall hear and determine the matters in controversy. I am not able to see how, under that statute, where a *caveat* has been filed and the subject of controversy has gone into the orphans court for determination, that court can be ousted of its jurisdiction over it, and the surrogate recover his by the mere fact of the withdrawal of the *caveat.* In the case in hand, when the orphans court made its order fixing the day for hearing, the matter was out of the jurisdiction of the surrogate, and whatever action was thereafter to be taken in the matter, whether upon the withdrawal of the *caveat* or otherwise, should have been taken in the orphans court and not before the surrogate. The orphans court, on the hearing of the appeal, in effect

---

*mond* v. *Hammond, L. R. (8 Irish Eq.) 322; Cheever* v. *Washtenaw, 45 Mich. 6; Taliaferro* v. *Taliaferro, 4 Call 93; Probate Court* v. *Hazard, 13 R. I. 1; American Bible Soc.* v. *Stover, 11 Stew. Eq. 78.*

The contestants of a will cannot, after appealing from a decree admitting the will to probate, have their appeal dismissed, against the wishes of the proponents, *Benoist* v. *Murrin, 48 Mo. 48.*

A contract entered into between the parties interested not to prove the will or administer an estate, but to divide the estate among themselves, will not prevent the subsequent propounding of the will for probate, or the granting of administration, *Finch* v. *Finch, 14 Ga. 362; Wright* v. *Wright, Mart. & Yerg. 43; Sharp* v. *Farmer, 4 Dev. & Bat. 122; Carter* v. *Greenwood, 5 Jones Eq. 410;* see *Hatcher* v. *Cade, 55 Ga. 359; Ramsay* v. *Woodward, 3 Jones 508; Smith* v. *Smith, 36 Ga. 184; Bailey* v. *Wilson, 1 Dev. & Bat. Eq. 182; Price* v. *Winston, 4 Munf. 63; Hewitt* v. *Crane, 2 Hal Ch. 159, 631; Mercier* v. *Mercier, 50 Ga. 546; Cole* v. *McFull, 48 Mich. 227; Taylor* v. *Phillips, 30 Vt. 238; Babbitt* v. *Bowen, 32 Vt 437; also Schouler on Exrs.* ₴ *120.—*REP.

refused to reverse the decree of the surrogate, expressly by its decision, leaving the question as to the legality of the surrogate's action in admitting the will to probate to the determination of this court on the hearing of this appeal. The refusal to reverse was erroneous. The surrogate, under the circumstances, had no jurisdiction to admit the will to probate, and his decree should have been reversed.

The respondents objected, on the hearing of the appeal in this court, that the appellant is, as appears by his petition, an imbecile, and appeared in the orphans court by his next friend, and that his demand of appeal to this court is signed by his proctors. The respondents insisted that he could not appeal by his next friend without the consent of the court, and that he could not lawfully demand an appeal to this court by his proctors. No objection was made to his petition in the orphans court, on the ground now urged. If there had been, that court undoubtedly would have obviated the objection at once, by admitting the next friend named in the petition as such to appear accordingly. His appeal to this court is signed with his name as appearing by his next friend by his proctors. The objection is not valid. The decree of the orphans court appealed from will be reversed, and the proceedings remitted, with directions to enter a decree in accordance with the views here expressed (reversing the decree of the surrogate admitting the will to probate), with costs.